UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW JERSEY

Joseph A. Fortunato, Esq.
Attorney Bar No. 027201981
38 Windsor Place. Upper Montclair NJ, 07043
973-744-5958

| | |
|---|---|
| WINIFRED IDUMONYI, KEILAN SCOTT, husband and wife, ESEOSA IDUMONYI, JESSICA IDUMONYI, SHIRLEY IDUMONYI<br><br>Plaintiffs,<br><br>v.<br><br>BERGEN COUNTY SHERIFF'S DEPARTMENT, BOROUGH OF FORT LEE POLICE DEPARTMENT, JOHN DOE'S 1-15, REPRESENTING FORT LEE POLICE OFFICERS, SUCH NAMEs BEING FICTITIOUS, FORT LEE POLICE OFFICERS WHOSE NAMES ARE UNKNOWN AT THIS TIME, RICHARD ROES, 1-15 BERGEN COUNTY SHERIFF'S OFFICER, WHOSE NAMES ARE CURRENTLY UNKNOWN, SGT. ANTONIO HERNANDEZ, OFFICER EMMANUEL ESPINAL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, OFFICER ALEJANDRO LORENZO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, BERGEN COUNTY OFFICER YOUNG KIM, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, OFFICER JOHN GALLO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, DETECTIVE CHRISTINA BLUE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, OFFICER CHRISTOPHER VALASCER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY<br><br>Defendants. | Civil Action No.<br>_____<br><br>Jury Trial: ✓ Yes ☐ No |

## INTRODUCTION

1. This is a Federal civil rights action under 42 U.S.C § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution, as well as pendant claims under New Jersey state law, arising out of the false arrest and assault of plaintiffs Winifred Idumonyi and Keilan Scott, on August 2, 2018, in the Borough of Fort Lee, New Jersey by law enforcement personnel of the Fort Lee Police Department and the Bergen County Sheriff's Department.

1

**Jurisdiction**

2. This Court has subject matter jurisdiction over the claims presented pursuant 28 U.S.C §1331 and 1343, and Eighth and Fourteenth Amendments to the United States Constitution. The Court has supplemental jurisdiction to hear state law claims under 28 U.S.C §1367(a).

**Venue**

3. Venue is appropriate in this judicial district pursuant to 28 U.S.C § 1391, because this is the district in which the plaintiff's injuries and such claims arose.

**Parties**

4. Plaintiffs, Winifred Idumonyi, and Keilan Scott are residents of the State of New Jersey.

5. Plaintiff Eseosa Idumonyi was at all times relevant to this complaint a resident of the State of New Jersey and was present when Defendants assaulted, harassed, and/or falsely arrested the Plaintiffs on August 2nd, 2018.

6. Plaintiff Jessica Idumonyi was at all times relevant to this complaint a resident of the State of New Jersey and was present when Defendants assaulted, harassed, and/or falsely arrested the Plaintiffs on August 2nd, 2018.

7. Plaintiff Shirley Idumonyi was at all times relevant to this complaint a resident of the State of New Jersey and was present when Defendants assaulted, harassed, and/or falsely arrested the Plaintiffs on August 2nd, 2018.

8. Defendant Borough of Fort Lee Police Department is the police department of Fort Lee, New Jersey, a municipal governmental entity organized pursuant to the laws of the State of New Jersey.

9. Defendant Bergen County Sheriff's Department is a municipal entity of Bergen County, organized pursuant to the laws of the State of New Jersey.

10. Defendants Richard Roes, 1-15, are Fort Lee Police officers whose names are unknown at this time.

11. Defendants John Does, 1-15, are Bergen County Sheriff's officers whose names are currently unknown.

12. Defendant Sergeant Antonio Hernandez is a Police officer employed by the Borough of Fort Lee

13. Defendant officer Emmanuel Espinal is a police officer employed by the Borough of Fort Lee

14. Defendant officer Alejandro Lorenzo is a police officer employed by the Borough of Fort Lee.

15. Defendant Bergen County officer Young Kim is a police officer employed by the Bergen County Sheriff's Department.

16. Defendant officer John Gallo is a police officer employed by the Borough of Fort Lee.

17. Defendant detective Christina Blue

18. Defendant officer Christopher Valascer

19. At all relevant times, all defendants were acting in concert with each other and under I color of state law.

**Factual Averments**

20. On August 2nd, 2018, plaintiffs, Winifred Idumonyi and Keilan Scott received an emergency telephone call to go to Winifred's parents' home immediately. The plaintiffs

3

subsequently arrived at her parents' home, located at 1357 15th Street, Fort Lee, New Jersey, over an hour after learning that Winifred's brother, Ikpolor, had suddenly passed away. When they arrived, the plaintiffs. Winfred Idumonyi and Keilan Scott were visibly upset and crying, grieving over the death of Ikpolor.

21. Shortly after the plaintiffs arrived, Sergeant Antonio Hernandez of the Fort Lee police department began an unprovoked pushing of Winifred Idumonyi.

22. Sidney, Winifred's half-brother, also arrived at the home and made a rude remark to Samuel the father and officers soon grabbed Sidney by the neck and pulled him out after first calling for extra back-up twice. After this, various officers busted open the front door and began verbally threatening and harassing family members Winifred Idumonyi walked out on the porch shortly after Sidney was being taken out and asked Sidney, " Are you going to say something like that at a time like this?" Sergeant Hernandez stepped up to Winifred and grabbed both of her arms and proceeded to push her inside the home.

23. Winifred Idumonyi was then grabbed by Young Kim, a Bergen County Sheriff's officer, as she asked, "Are you arresting me?" Bergen County Sheriff Young Kim answered in the affirmative. Shirley, sister of Winifred, and resident of the home were repeatedly inquiring from Sergeant Antonio Hernandez as to what he was doing with her sister. Sergeant Antonio Hernandez began reaching for his gun and Shirley asked him "What Are you doing?" at which point Sergeant Hernandez then reached for his handcuffs.

24. Winifred Idumonyi heard a commotion and noticed her husband Keilan being grabbed by his t-shirt collar and slammed against the wall by Officer Alejandro Lorenzo. Keilan

4

was bum-rushed from behind by an unknown officer; punched, slammed face-first on front porch concrete instantly causing injury to the plaintiff. Keilan cried out in excruciating pain while Officer Emmanuel Espinal and various police officers including but not limited to John Klein and Alejandro Lorenzo punched, kicked and struck him. Officers also used a chokehold armbar and various other joint manipulation techniques on Keilan. After beating plaintiff Keilan Scott, Officer John Gallo proceeded to deploy a taser once or twice on him in the chest despite him not resisting to comply with the assault upon him.

25. Detective Christina Blue, Sergeant Antonio Hernandez, and an unknown officer pulled Winifred Idumonyi down the stairs, repeatedly ignoring her cries that she was barefoot and disheveled they then escorted her to the police car. Detective Christina Blue shoved Winifred into a police car, causing injury to her knee. While detained in the police vehicle, after multiple attempts to speak with Sargeant Antonio Hernandez, he informed her he could not "unarrest her" for fear she would sue him for false arrest. Also informed that he would speak with the Judge on Keilan and Winifred's behalf and "lookout" for them. Sergeant Hernandez would eventually order and confine Winifred to the front porch as he informed her she would not be allowed to go anywhere else. Officer Christopher Valascer informed Winifred that "If this went to court/trial, it would be a circus."

## Count One

26. Plaintiffs repeat and reallege all of the allegations made in paragraphs 1- 13 above and further states that the defendants were acting under color of law and in violation of 42

U.S.C § 1983 and also in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

### Count Two

27. Plaintiffs repeat and reallege all of the allegations made in paragraphs 1- 13 above and further allege that the defendants have violated the New Jersey Law Against Discriminations. (NJLAD)  N.J.S.A 10:5-1 et. seq.

### Count Three

28. Plaintiffs repeat and reallege all of the allegations made in paragraphs 1- 13 above and further assert the defendants have committed the tort of outrage against the plaintiffs.

### Count Four

29. Plaintiffs repeat and reallege all of the allegations made in paragraphs 1- 13 above and further alleged that the defendants have committed the tort of the intentional infliction of emotional distress against the plaintiffs.

**Relief**

**WHEREFORE**, plaintiffs respectfully request on all counts:

    A. Compensatory damages as to all defendants

    B. Punitive damages as to all defendants

    C. Reasonable attorney fees and costs;

    D. Such other and further relief as may appear just and appropriate.

_____
Joseph A. Fortunato, Esq.

_____