**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WINIFRED IDUMONYI, et al., *Plaintiffs*, v. BERGEN COUNTY SHERIFF'S DEPARTMENT, et al., *Defendants*. | Civil Action No. 20-9891 <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is *pro se* Plaintiffs' motion to reopen the case. D.E. 5. Plaintiffs Winifred Idumonyi-Scott and Keilan Jamal Wayne Scott filed letters in support of the motion.[1] D.E. 5, 7. The Court reviewed the submissions and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiffs bring claims against multiple individuals and entities that were allegedly involved in an altercation on August 2, 2018. Plaintiff Winifred Idumonyi-Scott was arrested during the altercation and Plaintiff Keilan Jamal Wayne Scott was allegedly assaulted by multiple police officers. D.E. 1. Plaintiffs' counsel filed the Complaint on August 2, 2020, asserting Section 1983, NJLAD, and tort claims. D.E. 1. On February 16, 2021, the Court issued a notice of call

---

[1] The People's Organization for Progress and Richard Maisenbacher, neither of which are parties in this matter, also filed letters in support of the motion. D.E. 6, 8.

for dismissal, pursuant to Federal Rule of Civil Procedure 4(m), for failure to effect service. The notice stated that unless Plaintiffs filed proof of service with the Clerk of the Court or showed good cause as to why the matter should not be dismissed, the Court would dismiss the case on March 8, 2021. D.E. 3. Plaintiffs did not file proof of service or establish good cause. As a result, the case was dismissed on March 22, 2021. D.E. 4.

On January 14, 2022, Plaintiffs, acting *pro se*, filed the instant motion. D.E. 5. Plaintiffs maintain that their attorney would not answer phone calls and when they were able to get in touch, he was not forthcoming with information about their case. Plaintiffs state that they began to get concerned because "significant time had passed" but they had not received any updates about the status of the case. As a result, Plaintiffs "pull[ed] up their case online and saw that it was dismissed without prejudice." *Id.* Plaintiffs maintain that their attorney informed them that this was a clerical error, that he was working on a motion to fix the error, and that everything was fine. *Id.* Plaintiffs state that their attorney "constantly led us to believe, the whole time, he was actively working on our matter." *Id.* Plaintiffs provide copies of multiple text message exchanges between Ms. Idumonyi-Scott and the attorney that verify their account of non-communication, avoidance, and the attorney's failure to keep Plaintiffs apprised of developments in the case. *See* D.E. 5-1.

## II.     ANALYSIS

"Dismissal under Rule 4(m) operates as a dismissal *without prejudice*." *Bounasissi v. PHH Mortg. Servs., Inc.*, 808 F. App'x 95, 96 (3d Cir. 2020) (emphasis in original). A dismissal without prejudice is not a final judgment. Fed. R. Civ. P. 4(m). "Without-prejudice dismissals typically are not immediately appealable." *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020); *see also S.B. v. KinderCare Learning Ctrs., LLC*, 815 F.3d 150, 152 (3d Cir. 2016) ("Typically, a dismissal without prejudice is not a final decision because the plaintiff may refile the complaint."). However,

while "an order dismissing a complaint without prejudice (as with a dismissal under Rule 4(m)) is generally not considered a final order, there are certain exceptions, including when the applicable statutes of limitations would prohibit refiling the claims." *Bounasissi*, 808 F. App'x at 96-97. In this instance, Plaintiff's claims arise from an incident that occurred in 2018. As a result, Plaintiffs' Section 1983 and tort claims are likely time barred.[2] The Court, therefore, construes the Rule 4(m) dismissal as a final order.

Rule 60(b) "allows a party to seek relief from a final judgment and request the reopening of his case, under a limited set of circumstances including fraud, mistake, newly discovered evidence, or any reason justifying relief." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). Specifically, Rule 60(b) authorizes a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"[T]he Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v.*

---

[2] "Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal injury torts." *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). In New Jersey, personal injury torts have a two-year statute of limitations. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

3

*Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988)). Thus, a party moving under Rule 60(b)(6) "must show, absent relief, 'an extreme and unexpected hardship will result.'" *Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (quoting *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008)). "[A]ctions by counsel that constitute inexcusable 'gross negligence' can be 'exceptional circumstances' justifying relief under Rule 60(b)(6)." *In re Subramanian*, 245 F. App'x 111, 117 (3d Cir. 2007) (quoting *Boughner v. Sec'y of Health & Welfare*, 572 F.2d 976, 978-79 (3d Cir. 1978)). Plaintiffs retained an attorney to pursue their claims yet, despite their repeated attempts, Plaintiffs' attorney appears to have shirked his responsibilities. Through no fault of Plaintiffs, this matter was dismissed and if the case is not reopened, Plaintiffs will likely be foreclosed from pursuing their claims in this matter. Accordingly, Plaintiffs demonstrate that absent relief, they will suffer an unexpected and extreme hardship.

### III. CONCLUSION

Therefore, for the reasons set forth above and for good cause shown,

IT IS on this 25th day of April, 2022

**ORDERED** that Plaintiff's motion to reopen (D.E. 5) is **GRANTED**; and it is further

**ORDERED** that the Clerk's Office is directed to reissue the summons in this matter; and it is further

**ORDERED** that Plaintiffs are granted a ninety (90) day extension from receipt of this Opinion and Order upon which to effect service upon Defendants in accordance with the Federal Rules of Civil Procedure;

5

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to Plaintiffs via regular mail and certified mail return receipt.

                                                                  John Michael Vazquez, U.S.D.J.