**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WINIFRED IDUMONYI, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>BERGEN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>*Defendants*. | Civil Action No. 20-9891<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court are motions to dismiss filed by (1) the Bergen County Sheriff ("BCS"), improperly pled as Bergen County Sheriff's Department, and Sheriff's Officer Young Kim, D.E. 23; and (2) Defendant Fort Lee Police Officer Matthew Lyle, D.E. 45. Plaintiffs filed letters opposing both motions, D.E. 25, 54, and BCS and Kim filed a reply, D.E. 30.[1] The Court reviewed the submissions and decides the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motions are **GRANTED in part** and **DENIED in part**.

---

[1] For purposes of this Opinion, the Court refers to BCS and Kim's brief in support of their motion to dismiss (D.E. 23-4) as "BCS Br."; Lyle's brief in support of his motion to dismiss (D.E. 45-2) as "Lyle Br."; Plaintiffs' letter opposing BCS and Kim's motion (D.E. 25) as "Plfs. BCS Opp."; Plaintiffs' letter opposing Lyle's motion (D.E. 54) as "Plfs. Lyle Opp."; and BCS and Kim's reply (D.E. 30) as "BCS Reply."

I.      **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Plaintiffs Winifred Idumonyi ("Winifred"), Keilan Scott, and Shirley Idumonyi ("Shirley") bring claims against multiple individual Fort Lee police officers and a Bergen County Sheriff's Officer who were allegedly involved in an altercation on August 2, 2018 at Shirley Idumonyi's home.[2] Plaintiffs also assert claims against the Fort Lee Police Department and the Bergen County Sheriff. Plaintiffs allege that during the altercation, certain Defendants assaulted Winifred and threatened her with arrest. Supp. Compl. ¶¶ 24-25, 27-28. Multiple Defendants also allegedly assaulted Scott. *Id.* ¶ 26.

Plaintiffs' counsel filed the Complaint on August 2, 2020, asserting Section 1983, New Jersey Law Against Discrimination ("NJLAD"), and tort claims. D.E. 1. On March 22, 2021, this Court dismissed the case because Plaintiffs failed to effect service, pursuant to Federal Rule of Civil Procedure 4(m). D.E. 4. Plaintiffs, acting *pro se*, subsequently filed a motion to reopen the case and terminate their attorney. D.E. 5. This Court granted Plaintiffs' motion to reopen on April 26, 2022, directed the Clerk's Office to reissue summons in the matter, and provided Plaintiffs with an extension of time to effect service. D.E. 9. The Court then granted Plaintiffs' attorney's request to withdraw as counsel and permitted Plaintiffs to proceed in the matter *pro se*. D.E. 13.

On June 15, 2022, Plaintiffs filed the Supplemental Complaint. The supplemental pleading asserts the same claims, "includes revisions to the description of the incident," removes two Plaintiffs, and appears to assert claims against additional Fort Lee officer Defendants. D.E. 15. As relevant here, however, the Supplemental Complaint does not contain new allegations as to

---

[2] The factual background is taken from Plaintiffs' Complaint, D.E. 1, and the Supplemental Complaint, D.E. 15. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

BCS, Kim or Lyle. The moving Defendants then filed the instant motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss the Complaint and Supplemental Complaint. D.E. 23, 45. Because Plaintiffs are proceeding *pro se*, the Court treats the Supplemental Complaint as an amended complaint.[3]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

---

[3] It also appears that Plaintiffs filed the Supplemental Complaint before any Defendant was served with the initial Complaint and it does not appear that any of the Moving Defendants were served with Supplemental Complaint. Kapusinski Decl. ¶ 3, Doris Decl. ¶ 3; *see also* D.E. 19. Because the moving Defendants are aware of the Supplemental Complaint, which contains the same allegations as to the Moving Defendants as the initial Complaint, and Plaintiffs could have filed the Supplemental Complaint (as an amended complaint) as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) or (B), the Court considers the Supplement Complaint as filed.

Because Plaintiffs are proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. ANALYSIS

#### A. Section 1983 Claim (Count One)

In Count One, Plaintiffs assert a claim pursuant to 42 U.S.C. § 1983. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

#### 1. Defendant Fort Lee Police Officer Matthew Lyle

Lyle maintains that the claims must be dismissed as to him because Plaintiffs fail to allege that he was personally involved in the alleged wrongdoing. Lyle Br. at 2. Plaintiffs counter that there is no way to include each encounter with every Defendant without making the Complaint too

4

lengthy. Plaintiffs further maintain that as the case progresses, the details about their interaction with each Defendant will emerge. Plfs. Lyle Opp. at 1.

When asserting any claim, including a Section 1983 claim, a plaintiff must plead facts setting forth each defendant's involvement in the alleged violations. *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (affirming dismissal of First Amendment retaliation claim where the plaintiff failed to allege personal direction of or knowledge and acquiescence in retaliatory actions by individual defendants). Similarly, the Federal Rules of Civil Procedure require that plaintiffs set forth plausible allegations as to each defendant. *Iqbal*, 556 U.S. at 678 (explaining that Rule 8 requires more than "naked asserts devoid of further factual enhancement"). Here, Lyle is not named as a Defendant in the initial Complaint, nor do Plaintiffs allege that he was engaged in any wrongful conduct. Although Lyle is named as a Defendant in the caption of the Supplemental Complaint, Supp. Compl. at 2, Plaintiffs still do not make any factual allegations that involve Lyle in the pleading. Accordingly, Plaintiffs fail to allege personal wrongdoing as to Lyle. Plaintiffs cannot proceed with their claims against Lyle without making specific and plausible factual allegations as to his individual wrongful conduct. Because Plaintiffs fail to do so, Lyle's motion is granted.

### 2. Defendant Bergen County Sheriff

BCS seeks to dismiss Count I because Plaintiffs fail to plead a policy or custom that resulted in the alleged wrongdoing.[4] BCS Br. at 14. Plaintiffs do not address this argument for

---

[4] It also appears that BCS may not be the appropriate party as it is merely an arm of the county. *Hernandez v. Borough of Palisades Park Police Dep't*, 58 F. App'x 909, 912 (3d Cir. 2003) ("Police departments cannot be sued alongside municipalities because a police department is merely an administrative arm of the municipality itself."); *Bonenberger v. Plymouth Township*, 132 F.3d 20, 29 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability."). However, BCS does not raise this argument, and the Court declines to do so *sua sponte*.

dismissal.  A county or municipality may be liable under Section 1983 only "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978)); *see also Meleika v. Bayonne Police Dep't*, No. 21-19793, 2022 WL 522810, at *4 (D.N.J. Feb. 22, 2022) (explaining that for the City to be liable under § 1983, the law "would require facts suggesting an unconstitutional municipal policy, practice, or custom").  A plaintiff may show the existence of a policy when a decision-maker with final authority issues an official proclamation, policy, or edict.  *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).  Custom may be established by showing that a given course of conduct, "although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  *Id.*; *see also Watson*, 478 F.3d at 155-56; *Natale v. Camden Cnty. Corr. Fac.*, 318 F.3d 575, 584 (3d Cir. 2003) (defining "custom" as "'an act that has not been formally approved by an appropriate decisionmaker,' but that is 'so widespread as to have the force of law.'" (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997))).

Plaintiffs fail to mention any policy or custom that led to the alleged constitutional violation.  Plaintiffs, therefore, fail to state a Section 1983 claim against BCS.

### 3. Defendant Sheriff's Officer Young Kim

Kim first maintains that to the extent Plaintiffs Shirley or Scott are asserting claims against him, the claims must be dismissed for lack of personal involvement.  BCS Br. at 10-11.  The Court agrees.  As discussed, Plaintiffs must allege facts demonstrating the personal involvement of each Defendant to state a Section 1983 claim.  Plaintiffs' allegations as to Kim only involve his interaction with Plaintiff Winifred.  *See* Supp. Compl. ¶ 27.

Turning to these specific allegations, Plaintiffs allege that after Defendant Hernandez

placed handcuffs on Winifred, Kim grabbed Winifred. *Id.* Winifred then asked Kim "Are you arresting me?" and Kim allegedly answered in the affirmative. *Id.* Winifred was later pulled down the stairs of the apartment and placed into a police car. While not entirely clear, it appears that Winifred was let out of the police car at some point because Plaintiffs further indicate that Winifred was ultimately confined to the front porch and told she could not go anywhere else. *Id.* ¶ 28. Plaintiffs do not allege that Kim was involved in any of the conduct after he answered Winifred's question about being placed under arrest.

Kim argues that Plaintiffs' allegations are insufficient to plead a false arrest claim against him because he did not actually arrest Winifred. BCS Br. at 11-12. Kim relies on *Lozano v. New Jersey*, 9 F. 4th 239 (3d Cir. 2021) to make this argument. BCS Br. at 11-12. To establish a Section 1983 false arrest claim, a plaintiff must plead facts demonstrating "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *Lozano*, 9 F. 4th at 245 (internal quotation omitted). In *Lozano*, one police officer was present while a second officer questioned and ultimately placed handcuffs on Lozano. *Id.* at 242. The Third Circuit determined that "[m]erely being present at the scene" of an arrest is not part of the arrest. *Id.* The Circuit continued that the arrest "was conducted entirely" by the second and the first officer who was merely present did not violate Lozano's constitutional rights. *Id.* Here, viewing the Complaint in a light most favorable to Plaintiffs, Kim's interaction with Winifred could be construed as more than merely being present at the scene, or as Kim maintains, "a bystander to the acts of other law enforcement." BCS Br. at 13. Plaintiffs plead that after Defendant Hernandez placed a cuff on Winifred, Kim became physically involved and answered that he was arresting Winifred. Supp. Compl. ¶ 27. Accordingly, Plaintiffs' allegations suggest that Kim was more than a mere bystander; he was directly involved in the alleged arrest. BCS and Kim's motion, therefore, is denied on these

7

grounds.

Kim also maintains that he is entitled to qualified immunity because, as in *Lozano*, he was merely a bystander such that no constitutional violation occurred. BCS Br. at 13. Qualified immunity can protect a state actor from liability in a Section 1983 case. *Wright v. City of Philadelphia*, 409 F.3d 595, 599 (3d Cir. 2005). "Qualified immunity shields government officials from personal liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Paszkowski v. Roxbury Twp. Police Dep't*, No. 13-7088, 2014 WL 346548, at *2 (D.N.J. Jan. 30, 2014). A court must engage in the following two-part inquiry to determine whether qualified immunity applies: (1) whether the allegations, taken in the light most favorable to the party asserting the injury, show that the defendant's conduct violated a constitutional right; and (2) whether the constitutional right at issue was clearly established at the time of the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "If the plaintiff fails to satisfy either prong, the defendant is entitled to judgment as a matter of law." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (finding defendant police officers were entitled to qualified immunity at the motion to dismiss stage) (citing *Pearson*, 555 U.S. at 232). As explained, Winifred sufficiently alleges that Kim was actually involved in her false arrest. Therefore, the Court cannot conclude that Kim is entitled to qualified immunity at this time.

In sum, BCS and Kim's motion is denied to the extent they seek to dismiss Count One as to Kim vis-à-vis Winifred.

### B. New Jersey Law Against Discrimination Claim (Count Two)

Next, BCS and Kim seek to dismiss Plaintiffs' NJLAD claim. BCS Br. at 15. The NJLAD is an anti-discrimination statute that generally applies in the workplace. *See* N.J. Stat. Ann. § 10:5-

12(a). To establish a *prima facie* discrimination claim under the NJLAD, a plaintiff must demonstrate that she (1) is a member of a designated protected class; (2) was qualified for and performing the essential functions of the job; (3) suffered termination or an adverse employment action; and (4) the adverse employment action gives rise to an inference of unlawful discrimination. *Toutelotte v. Eli Lilly & Co.*, 636 F. App'x 831, 842 (3d Cir. 2016). In this instance, Plaintiffs' allegations do not relate to their employment. Consequently, Plaintiffs fail to state a NJLAD claim and Count Two is dismissed.

### C. Intentional Infliction of Emotional Distress (Counts Three and Four)

In Count Three, Plaintiffs allege that Defendants committed the tort of outrage. Supp. Compl. ¶ 31. In Count Four, Plaintiffs allege that Defendants committed the tort of intentional infliction of emotional distress. *Id.* ¶ 32. BCS and Kim contend that Plaintiffs fail to state a claim in either count. BCS Br. at 17-18. Under New Jersey law, a claim for intentional infliction of emotional distress requires a plaintiff to show that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was outrageous and extreme; (3) the defendant's actions were the proximate cause of the emotional distress; and (4) severe emotional distress. *See Smith v. Exxon Mobil Corp.*, 374 F. Supp. 2d 406, 422 (D.N.J. 2005) (quoting *Wigginton v. Servidio*, 734 A.2d 798, 806 (N.J. Super. Ct. App. Div. 1999)). The tort of outrage "is also known as intentional infliction of emotional distress." *Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 568 (D.N.J. 2000). Consequently, the Court considers Counts Three and Four together.

BCS and Kim argue that Plaintiffs fail to state a claim in Counts Three and Four because Plaintiffs do not plead any outrageous or extreme conduct. BCS Br. at 16-17. The Court agrees. For conduct to be extreme and outrageous under New Jersey law, it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

9

regarded as atrocious, and utterly intolerable in a civilized community." *Lankford v. City of Clifton Police Dep't*, 546 F. Supp. 3d 296, 323 (D.N.J. 2021) (quoting *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979)). Plaintiffs' allegation that Kim grabbed Winifred and answered that he was arresting her does not amount extreme or outrageous conduct; the Court is not aware of any authority finding similar conduct sufficient to establish the tort. Plaintiffs argue that their intentional infliction of emotional distress claim should not be dismissed because Kim "inflict[ed] further emotional distress to an already distressed individual." Plfs. BCS Opp. at 1. But Plaintiffs' factual allegations still fall short of alleging outrageous conduct. Accordingly, Plaintiffs fail to state a claim in Counts Three and Four against Kim and BCS.

### D.  Leave to Amend

When dismissing claims brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiffs' claims are futile. As a result, Plaintiffs' claims are dismissed without prejudice and Plaintiffs are granted leave to file an amended pleading. If Plaintiffs intend to file an amended complaint, they must file a single amended pleading (entitled the "Second Amended Complaint") that addresses the claims asserted against every named Defendant in the Complaint and Supplemental Complaint. Any such pleading will replace both the Initial and Supplemental Complaints and will be the operative pleading.

### E. Letters of Support

Finally, since this matter was reopened, numerous non-parties have filed letters in support of Plaintiffs on the docket. *See* D.E. 26, 31, 32, 40, 36, 37, 41, 43, 50, 57, 60, 63, 64, 67. The Moving Defendants object to these letters and request that the Court strike them from the record. *See* D.E. 33, 35, 65. Plaintiffs counter that these non-parties are expressing their freedom of speech, and the letters are meant to humanize Plaintiffs and provide further insight into the matter. D.E. 53.

In deciding a motion to dismiss under Rule 12(b)(6), a court ordinarily considers only the factual allegations in the pleading, exhibits attached to the complaint, and matters of public record. A court may also rely on "a document *integral to or explicitly relied* upon in the complaint." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis in original) (citation omitted). None of the non-party letters fall into any of the categories that would permit the Court to consider their contents in deciding a motion to dismiss. Accordingly, the Court did not consider any of the letters to decide the instant motions.

Further, although the relevance of these letters is not readily apparent, if anything, they might be relevant as to potential discovery in this matter. But documents produced in discovery are not ordinarily filed on the docket. In fact, Federal Rule of Civil Procedure 5(d) provides that parties' initial disclosures under Rule 26(a)(1) and responses to discovery requests "must not be filed until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1). In addition, the Court is unaware of any constitutional right permitting non-parties to submit documents in support of civil litigants. Here, the Court has not ordered that Plaintiffs provide the Court with any letters of support, nor did the Court need such documents to decide the motions to

11

dismiss. As a result, the Court will strike each letter from the docket. Moreover, the Court instructs the Clerk's Office to stop filing letters of support from non-parties on the docket in this matter.

### IV. CONCLUSION

For the reasons set forth above, and for good cause shown,

IT IS on this 16th day of November, 2022

**ORDERED** that Defendant Police Officer Matthew Lyle's motion to dismiss, D.E. 45, is **GRANTED**; and it is further

**ORDERED** that the Complaint and Supplemental Complaint are dismissed as to Defendant Lyle without prejudice; and it is further

**ORDERED** that the Bergen County Sheriff and Sheriff's Officer Young Kim's motion to dismiss, D.E. 23, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that the Complaint and Supplemental Complaint are dismissed as to the Bergen County Sheriff without prejudice and Counts Two through Four are dismissed without prejudice as to Defendant Kim; and it is further

**ORDERED** that Plaintiffs are afforded thirty (30) days to file a single amended complaint (entitled the "Second Amended Complaint") that cures the deficiencies set forth above. If Plaintiffs fail to file an amended complaint within this time, the claims dismissed herein will be dismissed with prejudice; and it is further

**ORDERED** that D.E. 26, 31, 32, 40, 36, 37, 41, 43, 50, 57, 60, 63, 64 and 67 are stricken from the docket; and it is further

**ORDERED** that the Clerk's Office shall refrain from filing any non-party letters of support on the docket in this matter; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to Plaintiffs via regular mail and certified mail return receipt.

                                                    _____
                                                    John Michael Vazquez, U.S.D.J.